...examiner, it's the protruding edges of ERSIC. The individual outer surfaces' protruding edges are not smooth. They give two reasons for that. One, they say, ERSIC's not smooth enough for interluminary delivery. And the second thing they say is, they refer the examiner to the dictionary definition, and they say, having an even or level surface, having no roughness or projections that can be seen or felt, or rough, not smooth or level, having bumps and projections. This is their words to the patent examiner, defining smooth. And they say, therefore, the ERSIC sleeve does not have a smooth outer surface. The district court took that construction and put it into the claim, and said, I'm going to hold them to their word. She found prosecution disclaimer. So on smooth, you've got amendment estoppel and prosecution disclaimer. And then what does the district judge do? She lets DOE go to the jury on smooth as well. Directly contrary to this court's instructions, that it is the same test for prosecution disclaimer as it is for DOE. And on the amendment estoppel, there is no way. The judge applied the wrong standard for a tangential. Let me just cover this last point. The judge says this in her JMO opinion in 8195. She says, Boston Scientific argues that the narrowing amendment will not be considered to be tangential if it's directly at issue during the prosecution. If this were the proper standard, the court says, then the defendants should prevail. That is the standard. When you look at this court's tangential cases, if the amendment is directly relevant to the priorities. What was the appendix citation you gave us? That was A195. That's from the district court's JMO opinion. So she says if it's directly relevant, we would prevail. And that's the standard. The court has decided several cases since FESTA. And if you look at these cases, the Talbert case, the Chimney v. PPG case, there's a whole line of them that says the test is, is it directly relevant or not directly relevant? That's what tangential means. Here, just to put it in a nutshell, they distinguished ERSIC by saying it's bumpy and irregular. That's exactly the issue in this case. Is ours bumpy and irregular? It's not only directly relevant. It's the identical question. There shouldn't have been any DOE. It's clearly not tangential. Thank you. And we thank all counsel. I don't think I heard anything addressed to the cross appeal. So I think we'd better leave it there. We did submit a letter with recent authority. Well, I understand. We have that. What I was saying, the question is if there's something said during the third argument that pertains to the cross appeal, then Mr. Discant would have a right to come back and rebuttal. But since you didn't, he doesn't, and we're done. Case is submitted.